INHABITANTS OF AUGUSTA *versus* INHABITANTS OF TURNER.

A person of the age of twenty-one years may gain a settlement in a town by having his dwelling and home therein for the space of five years together, without receiving support or supplies as a pauper, irrespective of the manner in which his home had been acquired or continued.

Thus a female, *non compos mentis*, over twenty-one years of age, who had removed into a town with her mother, and composed a part of her family during the time, was held to have been capable of gaining a settlement in her own right by such residence.

ASSUMPSIT for the support of Amelia Battles a pauper, alleged to have been an inhabitant of Turner and found in need of immediate relief in Augusta. The parties agreed upon a statement of facts, which are found at the commencement of the opinion of the Court.

*J. Baker*, for the plaintiffs.

To the point, that the pauper gained no settlement in her own right in Augusta by five years continued residence there, although twenty-one years of age, because she was *non compos mentis*, incapable of volition, and could have no *animus manendi*, he cited *Hallowell* v. *Gardiner*, 1 Maine R. 93; *Jefferson* v. *Litchfield, ib.* 196; *Turner* v. *Buckfield*, 3 Maine R. 229; *Lubec* v. *Eastport, ib.* 220; *St. George* v. *Deer Isle, ib.* 390; *Hampden* v. *Fairfield, ib.* 436; *Wiscasset* v. *Waldoboro', ib.* 388; *Knox* v. *Waldoboro', ib.* 455; *Westbrook* v. *Bowdoinham*, 7 Maine R. 363; *Milo* v. *Kilmarnock*, 11 Maine R. 455; *Sidney* v. *Winthrop*, 5 Maine R. 123; *Upton* v. *Northbridge*, 15 Mass. R. 237; *Winchendon* v. *Hatfield* 4 Mass. R. 123; *Springfield* v. *Wilbraham, ib.* 493; *Dighton* v. *Freetown, ib.* 539; *Newbury* v. *Harvard*, 6 Pick. 1.

The facts show, that the father's settlement was in Turner, and that the mother of the pauper was his lawful wife. Up to the time of his death, in 1838, the settlement of both the mother and daughter was in Turner, for they could have no settlement but his. The mother has gained no settlement since his death, for the writ shows the supplies were furnished in 1842. *Richmond* v. *Lisbon*, 15 Maine R. 434; *Thomaston* v. *St. George*, 17 Maine R. 117.

The pauper could gain no settlement in her own right, for the reasons before mentioned, and must have that of her mother. She was never emancipated. 2 Kent, 205, 206; *Dedham* v. *Natick*, 16 Mass. R. 135. The father had not lost or abandoned his right to her earnings, if she was capable of labor, had given no one a right to her services, and had placed no one over her *in loco parentis*. *Sumner* v. *Sebec*, 3 Maine R. 223; *Pittston* v. *Wiscasset*, 4 Maine R. 293; *Fayette* v. *Leeds*, 10 Maine R. 409; *Wells* v. *Kennebunk*, 8 Maine R. 200; *Taunton* v. *Plymouth*, 15 Mass. R. 203; *Great Barrington* v. *Tyringham*, 18 Pick. 264; *Somerset* v. *Dighton*, 12 Mass. R. 383.

*S. May* argued for the defendants,

That the clause in the settlement act, Stat. 1821, § 2, that "legitimate children shall follow and have the settlement of their father," and of their mother, in certain cases, applies only to minor children, or to children so situated, as not to have a capacity to gain a settlement in their own right. *Charlestown* v. *Boston*, 13 Mass. R. 469; *Springfield* v. *Wilbraham*, 4 Mass. R. 493.

That in this case the pauper was emancipated both by age, and by the abandonment of the father, before she came into the State, and therefore can follow no settlement acquired by him after such emancipation. And after her removal to this State, she was in a capacity to gain a settlement of her own. *Lubec* v. *Eastport*, 3 Greenl. 220; *Sidney* v. *Winthrop*, 5 Greenl. 123; *Milo* v. *Kilmarnock*, 2 Fairf. 455.

That having a capacity to gain a settlement for herself, she has actually gained one in Augusta by a continued residence therein for eight years successively, without having received supplies during the time as a pauper. *Lubec* v. *Eastport*, and *Sidney* v. *Winthrop*, before cited.

The opinion of the Court was drawn up by

SHEPLEY J. — In this case the plaintiffs claim to recover for the support of Amelia Battles, a pauper, who is the legitimate child of Asa Battles. She was born in the town of Bridge-

water, in the Commonwealth of Massachusetts, on December 9, 1800; and has from infancy been *non compos mentis.* Her father abandoned his family during the year 1820, came into this State; and after residing in other towns for a time, established his residence in the town of Turner, where he was married to another woman, and continued to reside there until the year 1838, when he died.

It is admitted, that he gained a settlement in Turner. He never resided afterward with the abandoned family, or made any provison for their support, or exercised any control over the pauper. His wife and children, including the pauper, removed into this State during the year 1823, and have resided in Augusta for the last eight years without receiving supplies as paupers. The father had not acquired any settlement in this State until after the pauper was of age. It has been decided, that a settlement might be acquired for a person *non compos mentis* by his dwelling and having a home in a town at the date of the passage of the act of 1821. *Lubec* v. *Eastport*, 3 Greenl. 220. *Sidney* v. *Winthrop*, 5 Greenl. 123. The case of *Fairfax* v. *Vassalborough*, referred to in the former case, appears to have decided, that a settlement was acquired by such a person, under the act of 1793, by dwelling and having a home in an unincorporated place, when it was incorporated. These decisions appear to have been made upon the principle, that the statutes, which determined the settlements of the paupers, acted upon the fact, that the dwelling and home of the pauper was in a particular town at a certain period without regarding the mode, in which it had been established there. That there may be cases, in which persons may, under our statute for the relief and support of the poor, have their residences established in a town, not only without, but even against their consent, cannot be doubted. Such as minor children bound as apprentices, and persons of full age bound as idle and destitute persons for a term not exceeding one year, by the overseers of the poor. If a residence may be established without any voluntary act of the person in such a manner as to have the effect to give a settlement by dwelling

and having a home in a particular town, it is not perceived, that it may not, upon the same principle, be continued in the same manner for five successive years. The statute would in the latter case, as in the former, only act upon the fact that there had been a dwelling and home for the person for the time required, irrespective of the manner in which it had been acquired or continued. The agreed case states, that the pauper resided and had her home with her mother in Augusta for eight successive years without receiving supplies as a pauper. This brings her case within the statute, which determines that she thereby had a settlement in that town.

*Plaintiffs nonsuit.*